FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 14 2024

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Bree R. Black Horse
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN JOSEPH ZACHERLE,<br><br>Defendant. | Case No.: 2:23-cr-0007-TOR<br><br>Plea Agreement<br><br>Fed. R. Crim. P. 11(c)(1)(C) |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Richard R. Barker and Bree R. Black Horse, Assistant United States Attorneys for the Eastern District of Washington, and Defendant Steven Joseph Zacherle ("Defendant"), both individually and by and through Defendant's counsel, Amy H. Rubin and John Stephen Roberts, Jr., agree to the following Plea Agreement.

1. <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to Count 1, Second Degree Murder in Indian Country in violation of 18 U.S.C. §§ 1111 and 1153 (a less-included offense of First Degree Murder), a Class A Felony; and, Count 2, Threats in Interstate Commerce, in violation of 18 U.S.C. § 875(c), a Class D felony, of the Indictment filed on January 10, 2023

PLEA AGREEMENT - 1

1     Defendant understands that the following potential penalties apply to Second Degree Murder in Indian Country, in violation of 18 U.S.C. §§ 1111 and 1153:

    a.     a term of imprisonment of any term of years or life;

    b.     a term of supervised release of not more than five years;

    c.     a fine of up to $250,000; and,

    d.     a $100 special penalty assessment.

Defendant understands that the following potential penalties apply to Threats in Interstate Commerce, in violation of 18 U.S.C. § 875(c):

    a.     a term of imprisonment of not more than five years;

    b.     a term of supervised release of not more than three years;

    c.     a fine of up to $250,000; and,

    d.     a $100 special penalty assessment.

2.     <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

    a.     five (5) years in prison if the offense that resulted in the term of supervised release is a Class A felony;

    b.     three (3) years in prison if the offense that resulted in the term of supervised release is a Class B felony; and/or,

    c.     two (2) years in prison if the offense that resulted in the term of supervised release is a Class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of

incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a.    sentencing is a matter solely within the discretion of the Court;

    b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties; and

    e.    although the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, the Court may depart or vary upward or downward under certain circumstances.

4. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

    a.    pleading guilty in this case may have immigration consequences;

    b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

    c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and,

PLEA AGREEMENT - 3

    d.  no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

  5.  <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.  the right to a jury trial;

    b.  the right to see, hear and question the witnesses;

    c.  the right to remain silent at trial;

    d.  the right to testify at trial; and,

    e.  the right to compel witnesses to testify.

Although Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

  6.  <u>Elements of the Offense</u>

The United States and Defendant agree that to convict Defendant of Second-Degree Murder in Indian Country, in violation of 18 U.S.C. §§ 1111 and 1153, which is a less-included offense of First-Degree Murder and was the offense

PLEA AGREEMENT - 4

originally charged in Count 1 of the Indictment, the United States would have to prove the following beyond a reasonable doubt.

        a.    *First*, on or about October 18, 2022, within the Eastern District of Washington, Defendant unlawfully killed D.B.;

        b.    *Second*, Defendant killed D.B. with malice aforethought;

        c.    *Third*, the killing occurred within the external boundaries of the Colville Reservation, in Indian country; and,

        d.    *Fourth*, Defendant is an enrolled member of the Colville Tribe

        e.    *Fifth*, the Colville Tribe is a federally recognized Tribe.

The United States and Defendant agree that, to convict Defendant of Threats in Interstate Commerce, in violation of 18 U.S.C. § 875(c), the United States would have to prove the following beyond a reasonable doubt.

        a.    *First*, on or about October 18, 2022, within the Eastern District of Washington, the Defendant knowingly transmitted an electronic communication in interstate commerce containing a threat to injure the person of another; and,

        b.    *Second*, the communication was transmitted for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat.

7.    <u>Factual Basis and Statement of Facts</u>

The parties agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and, these facts constitute an adequate factual basis for Defendant's guilty plea.

The parties agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

PLEA AGREEMENT - 5

On October 18, 2022, the Defendant was in a domestic dispute with Victim 1 in the area of the Colville Fuels Tribal Trails gas station, which is located near the Nikxna Cannabis retail store in Omak, Washington, within the external boundaries of the Colville Reservation in the Eastern District of Washington. During the dispute, Victim 1 drove away from the area without the Defendant, who had entered the Nikxna Cannabis retail store.

After the Defendant exited Nikxna Cannabis, the Defendant realized that Victim 1 had left and began calling Victim 1 on the phone, demanding that she return or he was going to "kill" and "hurt people." The Defendant also sent the following text messages to Victim 1: "I will kill people"; "Am going to kill someone"; and, "Fucking bullseye." During one of these phone calls to Victim 1, the Defendant informed Victim 1 that he "knocked out a meth head," and asked Victim 1 if she wanted "to see." Victim 1 then reported hearing garbled breathing and snorting on the phone line. Based on these phone calls and text messages from the Defendant, Victim 1 one stated that she feared for her life and safety. Victim 1's fear was based, at least in part, on the Defendant's history of assaulting Victim 1.

About the same time as the Defendant exited Nikxna Cannabis and began calling and texting Victim 1, D.B. exited Colville Fuels Tribal Trails, which is in close proximity to Nikxna Cannabis. The Defendant and D.B. then each walked in the vicinity of Dayton Street South, located near the Colville Fuels Tribal Trails and Nikxna Cannabis retail stores. The Defendant then physically assaulted D.B., striking D.B. in the head with Defendant's hands and/or fists. Shortly after the assault occurred, Omak Police Department Officers and Lifeline Emergency Technicians responded to D.B. on Dayton Street South, who was unresponsive. Medical providers later determined that D.B. was braindead due to lack of oxygen, and D.B. died approximately two weeks later from injuries sustained in the attack.

PLEA AGREEMENT - 6

The Medical Examiner determined that D.B. suffered a severe brain hematoma and cracked skull as a result of the unprovoked attack.

The Defendant is an Indian as that term is used in 18 U.S.C. § 1153. He is also an enrolled member of the Confederated Tribes of the Colville Reservation, which is a federally recognized Indian tribe. Defendant possesses some quantum of Indian blood.

The Defendant admits that he killed D.B. with malice aforethought within the external boundaries of the Colville Reservation, in Indian country, as that term is defined in 18 U.S.C. § 1151, on October 18, 2022.

8. The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Count 3 of the Indictment filed on January 10, 2023, which charges the Defendant with Cyberstalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5).

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9. United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing.

a. Base Offense Level

The United States and Defendant stipulate and agree that the base offense level for Second Degree Murder is thirty-eight (38). *See* U.S.S.G. § 2A1.2(a).

b. Acceptance of Responsibility

The United States will recommend that Defendant receive a three-level

PLEA AGREEMENT - 7

downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b) if Defendant does the following:

  i. accepts this Plea Agreement;

  ii. enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

  iii. demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

  iv. provides complete and accurate information during the sentencing process; and,

  v. does not commit any obstructive conduct.

The parties agree that, at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, before sentencing, Defendant is convicted of any criminal offense or, if Defendant tests positive for any controlled substance.

  c. <u>No Other Agreements</u>

The parties have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

  d. <u>Criminal History</u>

The parties have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigation Report.

  10. <u>Incarceration</u>

PLEA AGREEMENT - 8

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is a sentence of 204 months imprisonment. The United States and Defendant agree to make the above sentencing recommendation to the Court. Although the United States and Defendant agree to make the above recommendation to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 204 months imprisonment or indicates its intent to do so. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 204 months' imprisonment or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, or conditions of Supervised Release; and, that the Court will exercise its discretion in this regard. The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

PLEA AGREEMENT - 9

11. Supervised Release

The United States and Defendant jointly agree to recommend that the Court impose a five (5) year term of supervised release. Defendant agrees that the Court's decision regarding the term and conditions of Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal any condition of the Supervise Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    (a) that Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, but not to exceed six non-treatment drug tests per month during the imposed term of supervised release;

    (b) that Defendant's person, residence, office, vehicle, and belongings are subject to search, at a sensible time and manner, at the direction of the Probation Officer, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; and,

    (c) that Defendant have no contact with any identified witness, victim, or family member of a victim identified in this case.

12. Criminal Fine

The United States and Defendant agree to recommend that no fine be imposed. Defendant agrees that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with any fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal any fine imposed.

13. **Mandatory Special Penalty Assessment**

Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

14. **Restitution**

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, pursuant to 18 U.S.C. §§ 3663A and 3664, for the offense conduct to which Defendant has pled guilty for all victims, as defined by 18 U.S.C. § 3663A(a)(2), who were directly and proximately harmed by the offense conduct, including any representatives of any victim's estate. Furthermore, pursuant to 18 U.S.C. § 3663A(a)(3), Defendant voluntarily agrees to pay restitution for all losses, as defined by 18 U.S.C. § 3663A(b)(2)-(4), caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement.

With respect to restitution, the United States and Defendant agree to the following:

    a. **Restitution Amount and Interest**

The United States and Defendant stipulate and agree that pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at sentencing, and that any interest on this restitution amount, if any, should be waived.

The United States and Defendant stipulate and agree that restitution shall be ordered to D.B., any representative of D.B.'s estate, Victim 1, and/or any third-party compensating the victims or their estates, including Crime Victim's Compensation. 18 U.S.C. § 3664(j)(1).

    b. **Payments**

To the extent restitution is ordered, the United States and Defendant agree

PLEA AGREEMENT - 11

that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than ten percent (10%) of Defendant's net monthly income towards restitution.

### c. Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

### d. Notifications and Waivers

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to

PLEA AGREEMENT - 12

pay restitution. 18 U.S.C. § 3664(k). Defendant also agrees to notify the United States of any address change within thirty (30) days of that change. 18 U.S.C. § 3612(b)(1)(F). These obligations cease when Defendant's fine and restitution obligations are paid in full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or restitution order.

15.  Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16.  Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, before sentencing, Defendant is convicted of any criminal offense or tests positive for any unlawful controlled substance.

17.  Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant agrees to waive Defendant's right to appeal Defendant's conviction and sentence if the Court imposes a term of imprisonment consistent with the terms of this Rule 11(c)(1)(C) Plea Agreement.

If the Court indicates its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement and Defendant chooses *not* to

PLEA AGREEMENT - 13

withdraw, then Defendant: (a) may appeal only Defendant's sentence, but not Defendant's conviction and (b) may appeal only the substantive reasonableness of Defendant's sentence.

Defendant further expressly agrees that, should the Court indicate its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement, Defendant agrees that Defendant has fourteen (14) days from the sentencing hearing to file with the Court a notice of withdrawal from the Rule 11(c)(1)(C) Plea Agreement. Defendant expressly waives Defendant's right to withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days after the Court either imposes a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement or indicates its intent to do so.

Defendant expressly waives Defendant's right to appeal any fine, term or conditions of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    The United States' obligations in this Plea Agreement shall be null and void;

PLEA AGREEMENT - 14

      b.    the United States may prosecute Defendant on all available charges;

      c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and,

      d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. <u>Integration Clause</u>

The parties acknowledge that this document constitutes the entire Plea Agreement between the parties, and no other promises, agreements, or conditions exist between the parties concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The parties agree this Agreement cannot be modified except in a writing that is signed by both parties.

PLEA AGREEMENT - 15

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____  11/14/24
Richard R. Barker                Date
Assistant United States Attorney

_____  11/14/24
Bree R. Black Horse              Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____  11/14/24
Steven Joseph Zacherle            Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

PLEA AGREEMENT - 16

_____  11/14/24
Amy H. Rubin                     Date
Attorney for Defendant

_____  11/14/24
John Stephen Roberts, Jr.        Date
Attorney for Defendant

PLEA AGREEMENT - 17