Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Bree R. Black Horse
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:23-CR-00007-TOR-1 |
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| STEVEN JOSEPH ZACHERLE, | |
| Defendant. | |

The United States of America, by and through the Acting United States Attorney for the Eastern District of Washington, Richard R. Barker, and Bree R. Black Horse, Assistant United States Attorney, submits the following Sentencing Memorandum.

**I.    BACKGROUND**

On November 14, 2024, the Defendant pleaded guilty to Second Degree Murder, a lesser-included offense of First Degree Murder, in violation of 18 U.S.C. §§ 1153 and 1111, a Class A Felony, and Threats in Interstate Commerce, in

GOVT'S SENTENCING
MEMORANDUM - 1

violation of § 875(c), a Class D Felony, in accordance with a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. ECF No. 51. Based on the Rule 11(c)(1)(C) plea agreement, the Defendant pled guilty to Count 1, Second Degree Murder in Indian Country, a lesser-included offense of First Degree Murder, as well as Count 2 of the Indictment, which charges Threats in Interstate Commerce. *Id*. The Government and the Defendant agree that the appropriate disposition of this case is 204 months imprisonment to be followed by five (5) years of supervised release. *Id*. The Government and Defendant further agree that the Court should order restitution to D.B., any representative of D.B.'s estate, Victim 1, and any third party compensating the victims or their estates, including Crime Victim's Compensation. *Id*.

The Government agrees with the Offense Conduct summary outlines in paragraphs nine through nineteen of the Presentence Investigation Report. *See* ECF No. 57 at ¶¶9-19. On the evening of October 18, 2022, the Defendant was involved with a domestic dispute with Victim 1 in the area of the Colville Fuels Tribal Trails gas station and the Nikxna Cannabis retail store, which are located in Omak, Washington, on the Colville Indian Reservation. *Id*. at ¶10. While the Defendant was inside the Nokxna Cannabis retail store, Victim 1 drove away from the area without the Defendant. *Id*. Once the Defendant realized Victim 1 had left the area, the Defendant began calling Victim 1, demanding that she return, or he was going to "kill" and "hurt people." *Id*. The Defendant also texted Victim 1 during this time,

GOVT'S SENTENCING
MEMORANDUM - 2

threatening "I will kill people," "Am going to kill someone," and "Fucking bullseye." *Id*. During one of the phone calls the Defendant made to Victim 1 at this time, the Defendant informed Victim 1 that he had "knocked out a meth head," and asked Victim 1 if she wanted "to see." Victim 1 reported hearing garbled breathing and snorting on the phone line. *Id*.

The investigation revealed that around the time the Defendant exited the Nikxna Cannabis retail store and began contacting Victim 1 by phone, the Defendant encountered D.B. in a nearby area and assaulted D.B. *Id*. at ¶15. More specifically, the Defendant struck D.B. in the head with his hands and/or fists, causing serious injuries to the left side of D.B.'s face. *Id*. It appears the Defendant left D.B. injured, laying face down outside and returned to the Defendant's residence for the remainder of the evening. *Id*.

First responders and Omak Police officers located D.B. unresponsive and face down shortly after the assault occurred. *Id*. Responding medical personnel reported that D.B. was bleeding from his significantly swollen face and having trouble breathing. *Id*. D.B. was first transported to Mid Valley Hospital and then to Sacred Heart Medical Center based on the severity of his injuries and was intubated. *Id*. After being admitted to Sacred Heart Medical Center, medical providers concluded that D.B. was braindead due to a lack of oxygen and D.B. died about two weeks later because of the injuries he sustained from the Defendant's attack. *Id*. D.B. never

GOVT'S SENTENCING
MEMORANDUM - 3

regained consciousness after being assaulted by the Defendant and was ultimately removed from life support based on medical personnel's determination that D.B. could not recover from his injuries. *Id*. D.B. was fifty-one (51) years old at the time of his death and is survived by his three children and a large extended family. *Id*.

An autopsy performed by the Spokane County Medical Examiner found that D.B. had "bruising of the face and scalp, nasal and occipital bone fractures, and intracranial injuries including subdural and subarachnoid hemorrhages and a large right temporal lobe hematoma." *Id*. at ¶16. The Spokane County Medical Examiner determined that the cause of death was blunt force head injuries of the head. *Id*.

## II. SENTENCING CALCULATIONS

### A. Base Offense Level and Enhancements

The Government agrees that the Defendant's base offense level for Second Degree Murder is thirty-eight (38). *See* U.S.S.G. § 2A1.2.

The Government agrees that the Defendant's base offense level for Threats in Interstate Commerce is twelve (12). *See* U.S.S.G. § 2A6.1. The Government further agrees that the following specific offense characteristics apply as a result of the Defendant's criminal actions related to the offense of Threats in Interstate Commerce:

> + six (6) levels pursuant to U.S.S.G. § 2A6.1(b)(1) because the offense involved the following conduct evidencing an intent to carry out such threat: the Defendant called Victim 1 on the phone and told Victim 1

GOVT'S SENTENCING
MEMORANDUM - 4

that he was going to "kill" and "hurt people," and the Defendant texted Victim 1 "I will kill people," "Am going to kill someone," and "fucking bullseye."

+ six (6) levels pursuant to U.S.S.G. § 2A6.1(b)(2)(A) because the offense involved more than two threats as follows: the Defendant spoke to Victim 1 telephonically one at least one occasion indicating that he was going to "kill" and "hurt people," and sent at least two text messages indicating "I will kill people" and "Am going to kill someone."

The Defendant has demonstrated acceptance of responsibility concerning his criminal behavior. As such, the Defendant's total, adjusted offense level is thirty-five (35) for a sentencing guideline range of 168 to 210 months for Count 1—Second Degree Murder in Indian Country.

**B. Departures**

The United States does not seek an upward departure from the Guidelines in this case. A downward departure is not appropriate because the Defendant's guilty plea is predicated on a plea agreement entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and for the reasons stated below.

**III.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A)**

A sentence of 204 months imprisonment followed by five (5) years of supervised release is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), considering the factors listed in 18 U.S.C. § 3553(a).

**A.    The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

The totality of the circumstances of the offense as well the history and characteristics of the Defendant warrant a sentence of 204 months imprisonment. As outlined in more detail above in Section I, *supra*, the Defendant beat an elderly Colville Tribal member into a state of brain death with his own hands while threatening his intimate and dating partner by telephone with words that indicated both his desire to kill another person and details of the murder of D.B.

**B.    The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment.**

For the reasons discussed above, a sentence of 204 months imprisonment followed by five (5) years of supervised release reflects the seriousness of the offense in this case, promotes respect for the law, and provides just punishment.

**C.    The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant.**

A sentence of 204 months imprisonment affords adequate deterrence and protects the public from further crimes of the Defendant.  The agreed-upon seventeen-year term of imprisonment will remove the Defendant from the Colville Tribal community for a significant period of time, thus protecting the community from future criminal acts.  The agreed-upon sentence of five (5) years of supervised

release also will meaningfully ensure that the Defendant does not perpetrate acts of violence or domestic violence against potential future victims while receiving the services deemed appropriate to fully rehabilitate the Defendant.

  **D.** **The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant**

As discussed immediately above, a sentence of 204 months imprisonment followed by a five-year term of supervised release will protect the public from further criminal activity by the Defendant.

  **E.** **The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

A total sentence of 204 months imprisonment followed by a five-year term of supervised release would provide the Defendant with opportunities to better himself so that he is no longer a danger to others. Based on the information in the Presentence Investigation Report, it appears that the Defendant would benefit from mental health and substance abuse treatment.

  **F.** **The Kinds of Sentences Available**

The Court may sentence the Defendant up to a lifetime term of imprisonment for the offense of Second Degree Murder, a five-year term of supervised release, and a fine of up to $250,000.00. For the offense of Threats in Interstate Commerce, the Court may sentence the Defendant up to five (5) years imprisonment, a three-

GOVT'S SENTENCING
MEMORANDUM - 7

year term of supervised release, and a fine of up to $250,00.00.

**G.    The Kind of Sentence Contemplated by the Sentencing Guidelines**

The Sentencing Guidelines contemplate a term of imprisonment for each offense. The Guideline term of imprisonment for the offense of Second Degree Murder is 168 to 210 months based on the total offense level of 35 and a Criminal history Category of I and the Guideline term of supervised release is two (2) to five (5) years. The Guideline term of imprisonment for the offense of Threats in Interstate Commerce is 60 months, and the Guideline term of supervised release is one (1) to three (3) years.

**H.    Any Pertinent Policy Statements Issued by the Sentencing Commission**

There are no pertinent policy statements in this case.

**I.    The Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar**

A sentence of 204 months imprisonment, which falls within the Guideline range, would avoid unwarranted sentence disparities.

**J.    The Need To Provide Restitution to Any Victims of the Offense**

The Court must order restitution in the amount of $5,000.00 to the Colville Confedered Tribes Enrollment Department for burial expenses provided by the Colville Confederates Tribes to the family of D.B. pursuant to 18 U.S.C. § 3663A and U.S.S.G. §5E1.1.

GOVT'S SENTENCING
MEMORANDUM - 8

### IV.  GOVERNMENT'S SENTENCING RECOMMENDATION

For the reasons discussed herein, the Government recommends the Court impose a total sentence of 204 months imprisonment followed by a five-year term of supervised release with all the conductions set forth in the Presentence Investigation Report. The Government further recommends the Court order restitution in the amount of $5,000.00 to the Colville Confederated Tribes Enrollment Department for the costs associated with the burial of D.B. Such a sentence is sufficient to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated:  March 14, 2025

    Richard R. Barker
    Acting United States Attorney

    *s/ Bree R. Black Horse*
    Bree R. Black Horse
    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record.

*s/Bree R. Black Horse*
Bree R. Black Horse
Assistant United States Attorney
